# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNIE STOWE,              : | CIVIL ACTION |
|       Petitioner,  : | |
|          v.         : | No. 90-6512 |
| DONALD T. VAUGHN,           : | |
|       Respondent.  : | |

Goldberg, J.                                                                                                July 27, 2016

## MEMORANDUM

Presently before me is Petitioner's motion under Federal Rule of Civil Procedure 60(b)(6) seeking relief from an Order dated May 6, 1991 dismissing his habeas petition. For the reasons that follow, I conclude that the motion must be construed as a second or successive habeas petition and that I lack subject-matter jurisdiction to consider its merits. Therefore, the motion will be denied without prejudice.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

In July of 1982, Petitioner was convicted of rape, involuntary deviate sexual intercourse, burglary, conspiracy and two counts of robbery. Petitioner's conviction was affirmed by the Pennsylvania Superior Court.

The first three federal habeas petitions filed by Petitioner were denied for failure to exhaust state court remedies. (See Docket Nos. 85-4692, 86-4514, 90-6512). Relevant to the motion before me, the habeas petition entered on this docket – No. 09-6512 – was denied for failure to exhaust state court remedies on May 6, 1991.

After filing several pro se petitions in state court pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq., Petitioner filed a fourth federal habeas

petition in 1997. On March 16, 1998, that petition was denied. (See Docket No. 97-335).

In 2009, Petitioner filed another habeas petition which was dismissed for lack of subject matter jurisdiction. (See Docket No. 09-349, Doc. No. 3.)

On November 23, 2015, Petitioner filed the instant motion in which he seeks relief from the "judgment entered on June 7, 1991."[1] He appears to be arguing that the Pennsylvania Superior Court struck down a statute under which he was sentenced to a mandatory minimum sentence as unconstitutional in light of Alleyne v. United States, 133 S. Ct. 2151 (2013).

## II. LEGAL STANDARD

Rule 60(b) permits a court to grant relief from a final judgment on just terms for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not equitable; or

(6) any other reason that justifies relief.

Any Rule 60(b) motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The United States Court of Appeals for the Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." Coltec Indus., Inc. v. Hobgood, 280 F.3d

---

[1] Petitioner seems to have confused an Order dated June 7, 1991 denying his motion for appointment of counsel with the Order dated May 6, 1991 denying and dismissing his habeas petition without prejudice.

262, 273 (3d Cir. 2002) (citation omitted). "Such circumstances will rarely occur in the habeas context," Gonzalez v. Crosby, 125 S. Ct. 2641, 2649 (2005), and "a change in law subsequent to the challenged order rarely justifies Rule 60(b)(6) relief." Coltec Indus., 280 F.3d at 273.

## III.    DISCUSSION

Ostensibly invoking Rule 60(b)(6), Petitioner requests relief from the Order dismissing his habeas petition without prejudice. Invoking McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), he asserts that "it is admitted by the Commonwealth of Pennsylvania that petitioner is actual[ly] innocent." He does not provide detail regarding this purported admission and, based on the Commonwealth's response, they make no such admission.[2]

After this unsupported assertion, Petitioner states that, at his sentencing, the trial judge determined that he had brandished a firearm and was, therefore, subject to a mandatory minimum pursuant to 42 Pa. Con. Stat. Ann. § 9712.1. Petitioner urges that the Pennsylvania Superior Court struck down this statute in Commonwealth v. Valentine, 101 A.3d 801 (Pa. Super. 2014) and Commonwealth v. Newman, 99 A.3d 86 (Pa. Super. 2014). Petitioner then makes several arguments as to why his motion is in fact a Rule 60(b) motion and not a second or successive habeas petition.

Petitioner did not file his motion within a "reasonable" time of the announcement of the two United States Supreme Court cases on which he purports to rely. Those two opinions – McQuiggin and Alleyne – were issued in 2013. Petitioner filed the instant motion approximately two years later. Therefore, Petitioner's motion fails on timeliness grounds. See Taylor v. Wetzel, 2014 WL 5242076, at *8 (M.D. Pa. Oct. 15, 2014) ("waiting one year" to file a 60(b) premised on a new Supreme Court case may not satisfy the "reasonable time" requirement); Reed v.

---

[2] Petitioner offered no argument or evidence to support the conclusory statement regarding his purported innocence.

Pierce, 2014 WL 3919656, at *2 (D. Del. Aug. 11, 2014) ("waiting one year and seven months to file a 60(b) motion based" on a new Supreme Court case "does not satisfy the 'reasonable time' requirement"); Joseph v. Beard, 2015 WL 1443970, at *5 (E.D. Pa. Mar. 27, 2015) (Rule 60(b) motion not timely when filed approximately two years after new Supreme Court case was announced).

Regardless of the timeliness issue, Petitioner's motion must be construed as a second or successive habeas petition. Pursuant to the Antiterrorism and Effective Death Penalty Act, Petitioner cannot file a second or successive petition for habeas corpus relief without first seeking and receiving approval from a court of appeals. See, e.g., Benchoff v. Colleran, 404 F.3d 812, 817 (3d Cir. 2005). Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition. 28 U.S.C. § 2244(b)(3)(A); Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002).

In the context of a Rule 60(b) motion, when the "motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). However, "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits." Id.

The claims Petitioner presents in his Rule 60(b) motion attack his underlying conviction not the manner in which the Order dismissing his habeas petition for failure to exhaust state court remedies was procured.[3] As such, Petitioner must seek and obtain approval from the United

---

[3] At one point, Petitioner asserts that it he is "only challenging the ruling that Petitioner 'failed to develop' his evidence in state court for purposes of 28 U.S.C. § 2254(e)(2)." (Pet.'s Mot. p. 4.) It is unclear what ruling he is referring to as his habeas petition was dismissed for failure to exhaust his state court remedies.

States Court of Appeals for the Third Circuit to have a successive petition considered by this Court. As Plaintiff has not obtained such permission from the Third Circuit, his motion will be dismissed for lack of subject matter jurisdiction.[4]

## IV.   **CONCLUSION**

For the aforementioned reasons, Petitioner's Rule 60(b) motion will be denied. An appropriate order follows.

---

[4] "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). Section 1631 provides that a court may transfer an action over which it does not have jurisdiction to a court that does have jurisdiction "if it is in the interest of justice" to do so. It would not be in the interest of justice to transfer this motion to the Third Circuit. See United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014) (finding that Alleyne does not apply retroactively to cases on collateral review).